**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henryk S. Borecki,             ) | No. CV-11-1983-PHX-GMS |
|                                ) | |
| Plaintiff,       ) | **ORDER** |
|                                ) | |
| vs.                            ) | |
|                                ) | |
| Safeguard Security & Communications,) | |
| Inc. et al.,                   ) | |
|                                ) | |
| Defendants.      ) | |
|                                ) | |

Pending before the Court are Plaintiff's Motion to Permit Filing of Administrative Record in Portable Document Format on Compact Disc (Doc. 3) and Defendant's Motion to Dismiss. (Doc. 6). For the reasons discussed below, Defendant's motion is granted and Plaintiff's motion is dismissed as moot.

**BACKGROUND**

From March 22, 2006 through July 30, 2010, Plaintiff worked as an Access Control Officer for Defendant Safeguard Security & Communications, Inc. ("Safeguard") at the Landmark Condominium in Phoenix, Arizona. (Doc. 1-1 at 9–12). Safeguard fired Plaintiff early in the morning on July 30, 2010. (Doc. 1 ¶ 1).

Plaintiff filed for unemployment insurance, and an administrative hearing was held on October 15, 2010. (Doc. 1 ¶ 16). According to the complaint, at the hearing, Defendants testified falsely, produced forged documents, and concealed Plaintiff's annual performance

reviews, which documented an "exemplary and unblemished" previous record with Safeguard. (Doc. 1 ¶ 18–19).

The complaint contains two claims for relief. In Claim One, Plaintiff seeks compensation under 42 U.S.C. § 1983 (2006), alleging that Defendants deprived him of his constitutional rights of Due Process and Equal Protection, his right to a fair hearing, and his right to unemployment insurance. (Doc. 1 ¶¶ 20–21). In Claim Two, he seeks compensation for "Outrageous and Contumacious Fraud," alleging that Defendants made statements and submitted documents at the hearing that they knew were false, that they intended to deceive the administrative law judge ("ALJ") at the hearing, that the ALJ was in fact deceived, and that Defendant was damaged as a result. (Doc. 1 ¶¶ 22–26).

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### II. Analysis

Defendant's two claims will be discussed in turn.

#### A. Section 1983

Section 1983 of Title 42 of the U.S. Code provides a cause of action for persons who have been deprived their constitutional rights by persons acting under color of law. Section 1983 "is not itself a source of substantive rights" but only provides a cause of action "for

- 2 -

1 vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3
2 (1979).[1] Ordinarily, private actors cannot be liable in § 1983 cases because the "under color
3 of law" requirement applies only to public officials or others "clothed with the authority of
4 state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation omitted). Private actors
5 may meet the state action requirement, however, when they are "jointly engaged with state
6 officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (holding that
7 a party who bribed a judge was acting under color of state law because the outcome of the
8 hearing was "the product of a corrupt conspiracy" between the party and the judge).

9       Here, Plaintiff alleges that Defendants testified falsely, produced fabricated
10 documents, and concealed relevant documents at Plaintiff's unemployment hearing. (Doc.
11 1 ¶¶ 20–21). He does not allege that Defendants acted in concert with the administrative law
12 judge, or that the outcome of the hearing was the product of a conspiracy between the
13 administrative law judge and the Defendants. He claims that Defendants intended to deceive
14 the administrative law judge when they presented false testimony, and that the administrative
15 law judge would not have ruled in Defendants' favor had he known that their representations
16 were false. (Doc. 1 ¶¶ 22–25). Plaintiff claims that when they testified, Defendants were
17 "acting under the color of the Arizona Revised Statutes governing the dispensation of
18 unemployment compensation." (Doc. 1 ¶ 21). As Defendants note, "[i]t is beyond question
19 that, when a private party gives testimony in open court in a criminal trial that act is not
20 performed 'under color of law.'" *Briscoe v. LaHue*, 460 U.S. 325, 330 (1983). Although the
21 language in *Briscoe* is specific to criminal trials, the principle is broad—when a private actor
22 takes action within the framework of a public tribunal, those actions are not taken "under
23 color of law" merely because the tribunal is legally authorized. *Cf. Polk Cty. v. Dodson*, 454
24 U.S. 312, 324 (1982) (Public defender does not act under color of state law "in exercising
25 her independent professional judgment in a criminal proceeding"). Plaintiff argues that the

---

[1] Plaintiff does not explain in his complaint how his right to state unemployment
28 benefits gives rise to a § 1983 claim for the depravation of a federal right.

- 3 -

1  fact that the Arizona legislature has criminalized making false statements during an
2  employment hearings has "overturn[ed] and displace[d] the common law rule" set forth in
3  *Briscoe*. (Doc. 8 at 8, citing A.R.S. § 23-786). *Briscoe* discusses the common law in
4  connection with its holding that police officers—who do act under color of law when they
5  testify at criminal trials—are afforded absolute immunity from suits for damages based on
6  such testimony. *See Briscoe*, 460 U.S. at 336–38. The holding that private actors do not act
7  under color of law when they testify was based on a statutory interpretation of Section 1983,
8  and is not disturbed by criminal perjury statutes.[2]

   **B.   Fraud**

10  "A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality;
11  (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that
12  it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's
13  ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his
14  consequent and proximate injury." *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500,
15  647 P.2d 629, 631 (1982). Plaintiff contends that the allegedly false testimony constituted
16  fraud because Defendants knew it was false and because the administrative law judge relied
17  on the testimony's truth when ruling to Plaintiff's disadvantage. (Doc. 1 ¶¶ 22-26). Plaintiff
18  notes that the elements of fraud require that "the hearer" be deceived, and contends that his
19  claim may proceed even though the administrative law judge, rather than Plaintiff, was
20  deceived by the statements, since the administrative law judge was "the hearer" of the false
21  statements. (Doc. 9 at 10). If Defendants engaged in fraud by deceiving the ALJ, however,
22  Plaintiff would not merely be required to show that the ALJ relied on the statement but also
23  show "his consequent and proximate injury." *Echols*, 132 Ariz. at 500. Plaintiff does not

---

[2] Indeed, perjury was a crime long before *Briscoe* was decided. *See Briscoe*, 460 U.S. at 339 n.22 (discussing history of "the imposition of criminal liability on persons for conspiracy to give false evidence").

allege that the ALJ was damaged by relying on the false statement.[3] Plaintiff claims that Defendants deceived the ALJ, and that Plaintiff was subsequently injured. These facts do not state a fraud claim.[4]

Plaintiff claims that Defendants deceived a third party, and that Plaintiff was injured when the third party relied on the truth of Defendants' statements. Even if true, these facts would not state a claim for fraud, and Claim Two is dismissed.

**C.   Other Matters**

Plaintiff has moved for permission to file the administrative record in a digital format. (Doc. 3). Plaintiff's claims cannot succeed because he has filed a § 1983 suit against private parties who were not acting under color of law and because he has failed to allege the elements of fraud. The Court therefore need not review the administrative record in this case. Plaintiff's motion is dismissed as moot.

Defendants have asked the Court to strike references in Plaintiff's prayer for relief to antiquated means of resolving disputes, such as trial by personal combat and Elizabethan-era punishments for forgery. (Doc. 6 at 13). These references may be irrelevant to Plaintiff's complaint, but are not "impertinent and scandalous" and need not be struck. FED. R. CIV. P. 12(f). Likewise, Defendants have asked this court to award attorney's fees, and have included documentation detailing Plaintiff's previous challenges, including appeals of the administrative hearing and state court litigation. (Doc. 7). Although Plaintiff's complaint is hereby dismissed, Defendants have not presented "clear and convincing evidence that the claim or defense constitutes harassment, is groundless and is not made in good faith." A.R.S. § 12-341.01. No attorney's fees will be awarded. As the successful party, however,

---

[3] Even if he were to allege that the ALJ was damaged and therefore defrauded, he has not claimed that he is bringing suit on the ALJ's behalf.

[4] Plaintiff argues by way of analogy that a person whose bank deposits are improperly given to an imposter who deceives a bank teller ought to be able to sue the imposter. Although the depositor in the analogy may have some avenue of recovery, a fraud suit claiming that the imposter defrauded the depositor would not succeed. (Doc. 9 at 11).

- 5 -

Defendants will be permitted to recover their costs. A.R.S. § 12-341.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Permit Filing of Administrative Record in Portable Document Format on Compact Disc (Doc. 3) is **dismissed as moot**.

2. Defendant's Motion to Dismiss (Doc. 6) is **granted**.

3. Plaintiff will pay Defendants' costs, but attorney's fees will not be awarded.

4. The Clerk of Court is directed to **terminate this action**.

DATED this 17th day of April, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge